IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JARRETT CASTELONIA,** | : | |
| Plaintiff | : | No. 1:19-cv-27 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **C.O. HOLLENBUSH, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court are pro se Plaintiff Jarrett Castelonia ("Plaintiff")'s motion to show cause (Doc. No. 66) and motion for reconsideration (Doc. No. 67) of the Court's Memorandum and Order granting Defendant Patty Kulenguskey ("Kulenguskey")'s motion to dismiss (Doc. Nos. 42, 43) and Memorandum and Order granting Defendant C.O. Hollenbush ("Hollenbush")'s motion to dismiss (Doc. Nos. 62, 63). For the foregoing reasons, the Court will grant Plaintiff's motion to show cause to the extent that the Court will not dismiss Defendant Brian Davis ("Davis") pursuant to Rule 4(m) of the Federal Rules of Civil Procedure at this time and will deny Plaintiff's motion for reconsideration.

**I.     BACKGROUND**

On October 24, 2018, Plaintiff, who is currently incarcerated at the Fauquier County Detention Center in Warrenton, Virginia, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Hollenbush, Mr. Shuman ("Shuman"), Officer Ashton ("Ashton"), Kulenguskey, Davis, Warden Kovach ("Kovach"), and Lt. Greek ("Greek") in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 2.) In an Order dated October 25, 2018, the United States District Court for the Eastern District of Pennsylvania transferred the above-captioned action to this Court. (Doc. No. 5.) Defendants Ashton, Greek, Kovach, and Shuman filed an answer to Plaintiff's complaint on

May 21, 2019. (Doc. No. 27.) Defendant Kulenguskey filed a motion to dismiss Plaintiff's complaint on July 31, 2019. (Doc. No. 38.) In a Memorandum and Order dated September 13, 2019, the Court granted Defendant Kulenguskey's motion to dismiss and granted Plaintiff thirty (30) days to file an amended complaint regarding his Eighth Amendment claims against Defendant Kulenguskey. (Doc. Nos. 42, 43.) Despite receiving an extension of time to do so (Doc. Nos. 57, 58), Plaintiff did not file an amended complaint in the time provided. On October 22, 2019, the summons issued to Defendant Davis was returned as unexecuted with a note that he was a contract employee and, therefore, service could not be accepted on his behalf at SCI Coal Township. (Doc. No. 49.)

Defendant Hollenbush filed a motion to dismiss and brief in support thereof on November 8, 2019. (Doc. Nos. 55, 56.) On November 14, 2019, Plaintiff filed a motion for an extension of time to file an amended complaint. (Doc. No. 57.) The Court granted Plaintiff a thirty (30)-day extension of time to file an amended complaint in an Order dated November 14, 2019. (Doc. No. 58.) On November 15, 2019, Plaintiff filed a brief opposing the motion to dismiss. (Doc. No. 59.) Despite receiving an extension of time, Plaintiff did not file an amended complaint in the time provided.

In an Order dated January 27, 2020, the Court directed Plaintiff to show cause, within fourteen (14) days, why Defendant Davis should not be dismissed from the above-captioned action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. In a Memorandum and Order dated January 30, 2020, the Court granted Defendant Hollenbush's motion to dismiss and granted Plaintiff thirty (30) days to file an amended complaint regarding his Fourth and Fourteenth Amendment claims against Defendant Hollenbush, as well as his Eighth Amendment claims against Defendant Kulenguskey. (Doc. Nos. 62, 63.)

On January 30, 2020, Defendants Ashton, Greek, Kovach, and Shuman filed a motion for judgment on the pleadings and brief in support thereof. (Doc. Nos. 64, 65.)[1] On February 4, 2020, Plaintiff filed his motion to show cause in response to the Court's January 27, 2020 Order directing him to show cause why Defendant Davis should not be dismissed. (Doc. No. 66.) That same day, Plaintiff filed his motion for reconsideration of the Court's Memoranda and Orders granting Defendants Kulenguskey and Hollenbush's motions to dismiss. (Doc. No. 67.) As an initial matter, the Court observes that Plaintiff has failed to file briefs in support of his motions, as required by Local Rule 7.5, which provides that the Court may consider the motion withdrawn under such circumstances. See L.R. 7.5. Regardless of the fact that Plaintiff's motions are not properly before the Court, the Court will address the merits of his motions below.

## II.     DISCUSSION

### A.     Motion to Show Cause

In his motion to show cause, Plaintiff avers that Defendant Davis is employed by the same company as Defendant Kulenguskey and works at SCI Coal Township with Defendant Kulenguskey. (Doc. No. 66 at 1-2.) Plaintiff maintains that as a pro se litigant, he has "provided all the correct information that [he] could possibly" obtain regarding Defendant Davis's whereabouts. (Id. at 2.) Plaintiff suggests that Defendant Davis is in default and requests that the Court enter default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Id. at 3.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the [C]ourt – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] The Court will address this motion in a separate Memorandum and Order.

>specified time. But if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m) does not define "good cause," but the United States Court of Appeals for the Third Circuit has equated it with the "excusable neglect" standard set forth in Rule 6(b)(2) of the Federal Rules of Civil Procedure. See MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Thus, good cause "require[s] a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules." See id. "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id.; see also Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). When considering whether a plaintiff has shown good cause, courts also consider "(1) the reasonableness of [the] plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time." See Holmes v. St. Vincent Health Ctr., No. 06-cv-199E, 2007 WL 2541790, at *2 (W.D. Pa. Aug. 31, 2007).

As a pro se plaintiff proceeding in forma pauperis, Plaintiff is not responsible for personally effectuating service. See 28 U.S.C. § 1915(c) (noting that "the officers of the [C]ourt shall issue and serve all process" when the plaintiff is proceeding in forma pauperis). When a plaintiff is proceeding in forma pauperis, the plaintiff "shows good cause [for purposes of Rule 4(m)] when either the [D]istrict [C]ourt or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." See Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008); see also Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991). Nevertheless, the plaintiff must furnish [] the Marshal with the necessary information to effect service" before arguing that good cause exists for purposes of Rule 4(m). See Okagbue-Ojekwe v. Fed. Bureau of Prisons, No. 03-2035 (NLH), 2007 WL 4570075, at *3 (D.N.J. Dec. 26, 2007); see also

Goodwin v. LA Weight Loss Ctrs., Inc., No. 99-6639, 2001 WL 34387933, at *1 (E.D. Pa. 2001) (noting that "[a]s long as the plaintiff provides adequate information to identify the party to be served, a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service").

In the instant case, well more than ninety (90) days have elapsed since Plaintiff filed his complaint. Upon consideration of Plaintiff's motion to show cause, however, the Court concludes that, given his status as an inmate, Plaintiff has extended his best efforts to locate Defendant Davis. The Court, therefore, concludes that Plaintiff has established good cause for why Defendant Davis should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure at this time. Accordingly, the Court will grant Plaintiff's motion to show cause (Doc. No. 66) to the extent that the Court will not dismiss Defendant Davis at this time. Moreover, in light of Plaintiff's representation that Defendant Davis is employed by the same company and at the same institution as Defendant Kulenguskey, the Court will direct Defendant Kulenguskey to provide under seal, within seven (7) days of the date of this Order, any information she may have concerning Defendant Davis's current whereabouts. If such information is unavailable, Defendant Kulenguskey must advise the Court of such within the same time period. Plaintiff is again reminded that if the Court is unable to effect service on Defendant Davis, Defendant Davis may be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**B.     Motion for Reconsideration**

As noted supra, Plaintiff moves for reconsideration of the Court's Memoranda and Orders granting Defendants Kulenguskey and Hollenbush's motions to dismiss. (Doc. No. 67.) Plaintiff requests "permission to revisit [the] motion[s] to dismiss" because his legal documents

were "caught up in transit to multiple different jails." (Id. at 1.) Plaintiff has attached to his motion what appears to be a brief opposing the motions to dismiss. (Id. at 3-10.)

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." See Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the Court in the context of the matter previously decided. See Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

Petitioner's motion fails to meet the narrowly-defined factors governing motions for reconsideration because it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or prevent manifest injustice. The Court granted Defendants Kulenguskey and Hollenbush's motions to dismiss because Plaintiff's complaint failed to set forth plausible claims for relief against them. (Doc. Nos. 42, 62.) Moreover, the Court granted Plaintiff leave to file an amended complaint with respect to his claims against these Defendants. Plaintiff's attached

oppositional brief does not lead the Court to conclude that the motions to dismiss should not have been granted. Accordingly, there is no basis for Plaintiff's request for reconsideration.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion to show cause (Doc. No. 66) to the extent that the Court will not dismiss Defendant Davis at this time. Moreover, the Court will direct counsel for Defendant Kulenguskey to provide under seal, within seven (7) days of the date of this Order, any information he may have concerning Defendant Davis's current whereabouts. If counsel does not have such information, he must advise the Court of such within the same time period. Plaintiff's motion for reconsideration (Doc. No. 67) will be denied. An appropriate Order follows.